# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) INDICTMENT NO. 2:25CR-004 |
| | ) |
| v. | ) 18 U.S.C. § 922(g)(5) |
| | ) Possession of a Firearm by a |
| **RUBEN ALEJANDRO REYNA-MENDOZA** | ) Prohibited Person |
| | ) |
| | ) 18 U.S.C. § 922(o) |
| | ) Possession of a Machinegun |
| | ) |
| | ) 21 U.S.C. § 841(a)(1) |
| | ) Possession with Intent to |
| | ) Distribute Controlled Substances |
| | ) |
| | ) 18 U.S.C. § 924(c) |
| | ) Possession of a Machinegun in |
| | ) Furtherance of a Drug |
| | ) Trafficking Crime |

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE
*Possession of a Firearm by a Prohibited Person*
18 U.S.C. § 922(g)(5)

On or about August 26, 2024, in McIntosh County, within the Southern District of Georgia, the Defendant,

**RUBEN ALEJANDRO REYNA-MENDOZA,**

then being an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, to wit, a Glock, Model: 20, 10mm pistol, which had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(5).

## COUNT TWO
*Possession of a Machinegun*
18 U.S.C. § 922(o)

On or about August 26, 2024, in McIntosh County, within the Southern District of Georgia, the Defendant,

**RUBEN ALEJANDRO REYNA-MENDOZA,**

did knowingly possess a machine gun, as defined in Title 26, United States Code, Section 5845(b), namely a Glock, Model: 20, 10mm pistol, which had been converted to shoot automatically more than one shot with a single function of the trigger, and a conversion device, also known as an "auto sear" or "Glock switch," a part designed solely and exclusively for use in converting a weapon into a machinegun.

All in violation of Title 18, United States Code, Section 922(o).

## COUNT THREE
*Possession with Intent to Distribute Mixtures and Substances Containing a Detectable Amount of Controlled Substances*
21 U.S.C. § 841(a)(1)

On or about August 26, 2024, in McIntosh County, within the Southern District of Georgia, the Defendant,

**RUBEN ALEJANDRO REYNA-MENDOZA,**

did knowingly and intentionally possess with the intent to distribute mixtures and substances containing methamphetamine, cocaine, and fentanyl, all Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR
*Possession of a Machinegun in Furtherance of a Drug Trafficking Crime*
18 U.S.C. § 924(c)(1)(B)(ii)

On or about August 26, 2024, in McIntosh County, within the Southern District of Georgia, the Defendant,

**RUBEN ALEJANDRO REYNA-MENDOZA,**

did carry and possess a machinegun, to wit, a Glock Model: 20, 10mm pistol, modified with a Glock conversion switch in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the possession with intent to distribute controlled substances, in violation of Title 21 United States Code, Section 841(a)(1), as charged in Count Three of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

## FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of Count Ones through Four of this Indictment, the Defendant, **RUBEN ALEJANDRO REYNA-MENDOZA**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense(s), including, but not limited to, a Glock, Model: 20, 10mm pistol, Serial Number: BYDE99; affixed machinegun conversion device; and approximately 10 rounds of assorted ammunition.

If any of the property described above, as a result of any act or commission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A True Bill.

_____
Foreperson

_____
Jill E. Steinberg
United States Attorney

_____
Michael Z. Spitulnik
Assistant United States Attorney
*Lead Counsel

_____
Tania D. Groover
Assistant United States Attorney
Chief, Criminal Division

3